IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| TRINITY OUTDOOR, LLC, a Georgia limited liability company | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | No. 1:04–cv–202 |
| PHOENIX STRUCTURES & SERVICE, INC., a Tennessee Corporation, and SUN OUTDOOR HOLDINGS, INC., a Delaware Corporation, | ) ) ) ) ) | Magistrate Judge Carter |
| Defendant. | ) ) | |

## **MEMORANDUM**

Plaintiff's action arises from a contract entered into with Phoenix Structures & Service, Inc., ("Phoenix") on June 26, 2002, under which Phoenix was obligated to manufacture, fabricate, and install a billboard for Trinity Outdoor, LLC ("Trinity") in Snellville, Georgia. The fabricated and installed billboard collapsed, causing the death of three workers. As a result of the collapse of the billboard in question, Trinity was required to clear the site where the billboard collapsed and dismantle and inspect several other billboards in the area to insure local governmental agencies of the safety of the billboards. Trinity alleges it incurred damages in the amount of $865,037.53 (Court File No. 52).

Presently before the Court is plaintiff Trinity's unopposed motion for summary judgment against Phoenix (Court File No.71). The parties have entered a Stipulation of Dismissal of all claims against Sun Outdoor (Court File No. 77). In addition, Trinity has dismissed the following claims against Phoenix: breach of contract, breach of warranties of merchantability and fitness for a

1

particular purpose, and product liability. Therefore, the only claim before this Court is Trinity's claim of negligent construction against Phoenix. For the reasons set forth herein, Trinity's motion for summary judgment will be GRANTED (Court File No. 71).

**I.      Standard of Review**

Under Fed. R. Civ. P. 56(c), the Court will render summary judgment if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden is on the moving party to conclusively show no genuine issue of material fact exists, *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994); *Kentucky Div., Horsemen's Benev. & Protective Assoc., Inc. v. Turfway Park Racing Assoc., Inc.*, 20 F.3d 1406, 1411 (6th Cir. 1994), and the Court must view the facts and all inferences drawn therefrom in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Oakland Gin Co., Inc. v. Marlow*, 44 F.3d 426, 429 (6th Cir. 1995); *City Management Corp. v. U.S. Chemical Co., Inc.*, 43 F.3d 244, 250 (6th Cir. 1994).

Once the moving party presents evidence sufficient to support a motion under Rule 56, the nonmoving party is not entitled to a trial merely on the basis of allegations. The nonmoving party may not rest on its pleadings, but must come forward with some significant probative evidence to support its claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986); *Lansing Dairy*, 39 F.3d at 1347; *Horsemen's Benev.*, 20 F.3d at 1411; see also *Guarino v. Brookfield Township Trustees*, 980 F.2d 399, 404-06 (6th Cir. 1992) (holding courts do not have the responsibility to search the record *sua sponte* for genuine issues of material fact). If the nonmoving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof, the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 323.

The Court determines whether sufficient evidence has been presented to make the issue of fact a proper jury question, but does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986); *60 Ivy Street Corp. v. Alexander*, 822 F.2d 1432, 1435-36 (6th Cir. 1987). The standard for summary judgment mirrors the standard for directed verdict. The Court must decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. There must be some probative evidence from which the jury could reasonably find for the nonmoving party. If the Court concludes a fair-minded jury could not return a verdict in favor of the nonmoving party based on the evidence presented, it may enter summary judgment. *Id.; Lansing Dairy*, 39 F.3d at 1347; *Horsemen's Benev.*, 20 F.3d at 141.

However, summary judgment will not be granted simply because the nonmoving party failed to respond. Instead, the court must carefully examine the motion for summary judgment to confirm that the moving party has fulfilled its burden of showing an absence of disputed material facts. *See Nelson v. City of Oliver Springs, Tennessee,* 2005 WL 1594553, *2 (E.D. Tenn. 2005), *citing Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

## II.   Facts

The facts, which the plaintiff contends are undisputed, are taken from plaintiff's unopposed motion for summary judgment (Court File No. 72).

> On June 26, 2002, Trinity and Phoenix entered into a contract by which Phoenix was to design, fabricate and install a billboard at a location in Snellville, Georgia. Phoenix maintained ownership of the billboard until the billboard had been installed at the appropriate location and after Trinity had paid the <u>full</u> price of the contract. Trinity was to then sell advertising on the billboard to generate

3

revenue. Under separate contracts, Phoenix had previously designed, fabricated and installed at least six (6) other billboards for Trinity in Snellville, Georgia.

The billboard at issue in this case was a cantilever design. Phoenix contracted with Carl Thompson, a professional engineer, to design the billboard. One critical connection in the cantilever design is the point at which the cantilever beam is connected to stub pipes. Mr. Thompson's design called for full penetration welds at that connection. Such welds are necessary because of the stress and weight borne at that particular connection. The billboard was fabricated by Phoenix at its facility in Athens, Tennessee and the welding of the critical connection referenced above was performed by Phoenix employees. On August 2, 2002, the welds holding the cantilever beam separated without warning from the stub pipes. The billboard collapsed and three of the workers on the frame were killed. The fourth worker was seriously injured. The families of the those workers have filed suit in State Court in Georgia. The damages suffered by those workers and/or their survivors are not at issue in this case.

An inspection, done after the collapse of the billboard, revealed the welds at the critical connection between the cantilever beam and the stub pipe were inadequate and it was the failure of those welds that led to the collapse of the billboard. An inspection of the components after the collapse clearly showed the welds were not full penetration, as called for in the design drawings. It is clear that Phoenix, which performed the welds, was negligent.

After the collapse of the billboard, the City of Snellville ordered that all billboards manufactured and installed by Phoenix be dismantled and inspected for safety. As mentioned previously, six (6) of those other billboards belonged to Trinity.

As a result of the collapse and dismantling of the billboards that followed, Trinity suffered significant losses. These included, but were not limited to, loss of income from the dismantled billboards. Those losses are the subject of this lawsuit.

As shown in detail below, the facts are undisputed. The negligence of Phoenix in fabricating the billboard caused the collapse of the billboard. Specifically, Phoenix was negligent in performing the welds that ultimately broke and led to the collapse of the billboard. Also undisputed and irrefutable are the losses suffered by Trinity as

4

a result of Phoenix's negligence.

(Court File No. 72, at 1-3).

**III.   Analysis**

Trinity brings this unopposed motion for summary judgment against Phoenix claiming there are no material issues of fact as to the liability of Phoenix for the collapse of the billboard in Snellville, Georgia on August 2, 2002, and as to the damages incurred by Trinity. Trinity has filed a notice of dismissal of their claims for beach of contract, breach of implied warranties, and product liability against Phoenix (Court File No. 76). Therefore, this memorandum will only address Trinity's claim of negligent construction against Phoenix. On June 26, 2002, Trinity entered into a contract with Phoenix. The contract between Phoenix and Trinity provides that Phoenix shall fabricate, deliver, and install a specific structure which the parties have identified as a billboard pursuant to the specifications included in the contract (Court File No. 72, Exhibit A).

The affidavit of Clifford W. Leverenz, a professional engineer and certified safety professional, avers that he inspected the billboard which collapsed and the structural drawings for the collapsed sign. Mr. Leverenz avers that the structural drawings required a full penetration weld but an examination of the collapsed billboard revealed the weld, at the critical connection, did not meet the specification of the design drawing. Mr. Leverenz's examination revealed that very little of the weld was fully penetrated and in his opinion, the collapse of the sign was due to poor fabrication of the welds (Court File No. 72, Exhibit C).

A calculation of damages suffered by Trinity has been provided by Kimberly A. Hembree's affidavit (Court File No. 72, Exhibit G). Ms. Hembree, a controller at Dan Cowart, calculated the damages suffered by Trinity as a result of the collapsed billboard in Snellville, Georgia on August

2, 2002. The damages include out-of-pocket expenses incurred by Trinity for the clearing of the site where the billboard collapsed and the dismantling and inspection of six other billboards in Snellville, Georgia, and lost revenue based on contracts for advertising which were in place for the billboard which collapsed on August 2, 2002, and the other billboards which were dismantled. The affidavit itemizes the damages[1] for out-of-pocket expenses incurred by Trinity and for lost revenue based on a review of Trinity's invoices and other documents from the vendors and/or service providers to which the sums have been paid. In addition, Ms. Hembree calculated legal fees in the amount of $140,495.06. The total amount of damages as of July 18, 2005, is $865,037.53.

In its motion for summary judgment, Trinity contends that because Phoenix was negligent in the fabrication and/or installation of the billboard, thereby breaching its contract with Trinity, Trinity suffered damages. To prove negligence Trinity must show that Phoenix owed Trinity a duty of care, Phoenix breached that duty, and the breach of that duty caused Trinity to suffer an injury which was proximately caused by Phoenix's breach of duty. *See Morris v. Wal-Mart Stores Inc.*,

---

[1]
| | | |
|---|---|---|
| (a) | Security for damaged site: | $ 1,350.00 |
| (b) | Building (adjacent property) damages caused by fallen billboard | $ 19,545.00 |
| (c) | Crane for damaged site | $ 4,578.40 |
| (d) | Crane for sites ordered by City of Snellville to be remediated | $ 37,658.24 |
| (e) | Board inspection and repair costs | $228,426.88 |
| (f) | Legal Fees | $140,495.06 |
| (g) | Board inspection costs paid to City of Snellville | $ 66,097.62 |
| (h) | Lost revenue to date on other billboards required to be dismantled and inspected | $ 69,806.25 |
| (I) | Lost revenue to date on billboard that collapsed August 2, 2002 | <u>$297,080.00</u> |
| | Total Damages to Date | $865,037.53 |

6

330 F.3d 854, 868, fn 5 (6th Cir. 2003); *Menuskin v. Williams*, 145 F.3d 755, 765 (6th Cir. 1998).

"Tennessee courts have defined the term "duty" as the legal obligation a defendant owes to a plaintiff to conform to the reasonable person standard of care in order to protect against unreasonable risks of harm." *Morris v. Wal-Mart Stores Inc.,* 330 F.3d at 868. The contract between Trinity and Phoenix clearly demonstrates Phoenix had a duty, *i.e.* legal obligation, to fabricate and install the billboard properly. Phoenix has admitted they constructed the billboard in question (Court File No. 72, Exhibit B, No. 20). To prove Phoenix breached its duty, Trinity must demonstrate Phoenix created a dangerous condition or had actual or constructive knowledge of the condition prior to the accident. *Id.* at 868. The proof before the Court reflects that the cause of the collapse was Phoenix's failure to perform full penetration welds at the juncture of the cantilever beam and the stub pipes (Court File No. 72, Exhibit C). Due to Phoenix's failure to perform full penetration welds, the sign collapsed. Thus, the record clearly demonstrates Phoenix created a dangerous condition. The uncontroverted proof before the Court demonstrates Phoenix owed Trinity a duty to properly fabricate and install the billboard, Phoenix breached its duty, and as a result of Phoenix's breach, Trinity was harmed and incurred damages. Trinity incurred damages as a result of the collapse of the sign in the amount of $1,350.00 for security for the damaged site; $19,545.00 for the damage caused by the fallen billboard to the building adjacent to the property; and $4,578.40 for the crane used at the damaged site. In addition, Trinity incurred damages when Snellville, Georgia, after the collapse of the sign, required Trinity to dismantle and inspect six other billboards to ensure they met specifications.

The record before the Court clearly demonstrates Phoenix and Trinity entered into a contract;

Phoenix owed Trinity the duty to properly manufacture and/or install the billboard; Phoenix breached that duty by failing to properly fabricate and/or install the billboard; and due to Phoenix's breach of its duty and as a proximate result of that breach, Trinity suffered damages. The proof before the Court demonstrates Phoenix negligently failed to fully penetrate the weld, as specified in the design drawing, and, as a result of Phoenix's breach and negligence, Trinity incurred $865,037.53 in total damages. Accordingly, the essential elements of a negligent construction claim has been proven.

The contract and sworn affidavits attached to Trinity's motion for summary judgment establishes there is no genuine issue of material fact as to Phoenix's liability for the collapse of the billboard in Snellville, Georgia on August 2, 2002. Although the damages suffered by Trinity as a result of the collapse of the billboard have not been disputed by the defendant, Trinity has failed to provide this Court with any authority which permits it to award attorney fees. In its motion for summary judgment, Trinity relied upon the provision in the contract awarding attorney fees in the event either party had to initiate legal proceeding to enforce the contract. However, Trinity has since dismissed the breach of contract claim. Consequently, absent any authority allowing an award for attorney fees, Trinity is not entitled to an award of $140,495.06 in legal fees. However, Trinity is entitled to an award on the remaining damages.

A party opposing a motion for summary judgment may not rest on their pleadings but instead, must enter into evidence something to demonstrate that a material issue exists. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). Defendants failure to deny any of the allegations as set forth in the plaintiff's motion for summary judgment entitles Trinity to receive a judgment in its favor for the amount of damages specified in the plaintiff's affidavit and motion for summary

8

Case 1:04-cv-00202 Document 80 Filed 09/16/05 Page 8 of 9 PageID #: 81

judgment, less $140,495.06 for legal fees, subject to the Stipulation Between Montague S. Claybrook, Chapter 7 Trustee, and Trinity Outdoor, LLC for an Order Granting Limited Modification of the Automatic Stay of Section 362(d) and the bankruptcy court order approving the stipulation (Court File No. 23, Exhibits 2 & 3), which limits Trinity's damages to that amount covered by the proceeds from any applicable liability and/or excess insurance policies of the defendants, specifically excluding any deductible payable under such insurance policies.

**IV.     Conclusion**

Accordingly, based upon the undisputed facts and law establishing liability on the part of Phoenix, plaintiff's unopposed summary judgment motion will be **GRANTED** in favor of Trinity against defendant Phoenix in the amount of $724,542.47 to be collected from any applicable liability and/or excess insurance policies of the defendants pursuant to the Bankruptcy Stipulation agreed to by Trinity, dated August 11, 2003, and approved by the Bankruptcy Court by Order dated August 21, 2003 (Case No. 02-12808, U.S. Bankr. Del., Mary F. Walrath, J.) which is incorporated by this reference (Court File No. 23, Exhibits 2 & 3).

There are no issues remaining before this Court for adjudication, thus, a Final Judgment will enter.

s/William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE